EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Office Headquarters, Great Falls
104 2nd Street South, Suite 301
Great Falls, Montana 59401-3645
vann_arvanetes@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEBORAH JOY DURAND,<br><br>Defendant. | **CR 16-43-GF-BMM**<br><br>**DEFENDANT'S MOTION TO DISMISS** |

## I. MOTION

COMES NOW Defendant, Deborah Joy Durand (Ms. Durand), by and through her undersigned counsel and moves to dismiss the Indictment in this case.

## II. GROUNDS

As argued more fully in the brief that supports this motion, Ms. Durand contends as both a matter of law and a matter of fact that under the Ninth Circuit's

opinion in *United States v. Tallmadge*, 829 F.2d 767 (9th Cir. 1987) and subsequent decisions, she is entitled to rely on the common law due process defense known as entrapment by estoppel.

Again, as set forth more fully in her supporting brief, Ms. Durand contends that where, as here, a government official (the Department of Labor and followed by United States Postal Services Workers Compensation section) advised her that she was ***entitled*** to receive workers' compensation benefits due to her work-related injuries – *and in fact is still receiving those benefits* ***in spite*** of this "end-round" by the OIG division incredulously somehow with support of the United States Attorneys Office of Montana(!!!) – Ms. Durand's reliance on that advice was lawful such that the government should be estopped from charging and convicting her.

Moreover, so as not to blindside either the government or this Court, and out of an abundance of caution, Ms. Durand also raises an important procedural question implicated by the raising of this defense. Namely, Ms. Durand presupposes this Court can rule as a matter of law that, as applied, entrapment by estoppel is a viable defense and strong enough to warrant dismissal of the Indictment. *Cf. United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (under Rule 12(b) Fed. R. Crim. P., a party can raise any defense that the court can determine without a trial on the merits).

On the other hand, Ms. Durand also contends that in the event this Court rejects

her defense of entrapment by estoppel as a matter of law, she would nevertheless be authorized to assert the defense at trial before the Bench in order to show that she did not "knowingly." *Cf.* Ninth Circuit Manual of Model Jury Instructions (2010), Instruction No. 5.6.

## III. GOVERNMENT'S POSITION

In satisfaction of the Rules of this Court, Local Rule 7.1(c)(1), the undersigned contacted government counsel Ryan Weldon. Mr. Weldon said to advise this Court that the United States opposes this motion.

## IV. CONCLUSION

WHEREFORE, Ms. Durand prays this Court will consider this motion along with her supporting brief, and thereafter conduct any necessary hearing and grant dismissal of the Indictment.

RESPECTFULLY SUBMITTED this 21st day of July, 2017.

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Assistant Federal Defender
Counsel for Defendant

**CERTIFICATE OF SERVICE**
**L.R. 5.2(b)**

I hereby certify that on July 21, 2017, a copy of the foregoing document was served on the following persons by the following means:

1, 2 CM-ECF
3 Mail

1. CLERK, U.S. DISTRICT COURT

2. RYAN G. WELDON
Assistant United States Attorney
Counsel for the United States

3. DEBORAH JOY DURAND
Defendant

/s/ Evangelo Arvanetes
Assistant Federal Defender
Counsel for Defendant