EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Office Headquarters, Great Falls
104 2nd Street South, Suite 301
Great Falls, Montana 59401-3645
vann_arvanetes@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
        Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-43-GF-BMM |
| Plaintiff, | |
| vs. | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| DEBORAH JOY DURAND, | |
| Defendant. | |

## I.  INTRODUCTION

This brief supports Defendant Deborah Joy Durand (Ms. Durand's) motion to dismiss.

## II.  FACTS

Ms. Durand recognizes that factual defenses are not properly the subject of dismissal motions pursuant to Federal Rule of Criminal Procedure Rule 12(b).  *See*

1

*also United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

Ms. Durand's challenge here, however, does not concern a factual dispute. Indeed, the facts surrounding Ms. Durand's motion to dismiss are undisputed such that resolving her motion does not invade the province of the jury or bench. *See Nukida*, 8 F.3d at 669; *United States v. Smith*, 866 F.2d 1092, 1097 (9th Cir. 1989) (purpose of a Rule 12(b) motion is to conserve judicial resources be facilitating the disposition of cases without trial); *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (district court may make findings of fact necessary to decide questions of law presented in pretrial motions so long as those findings do not invade the province of the jury).

The following facts are summarized from the discovery in this case.

Ms. Durand was employed as a rural letter carrier for the United States Postal Service (USPS) in Tomball, Texas. In conducting her duties as a letter carrier, Ms. Durand suffered injuries to her lower back, shoulder, and arm. She sought medical attention due to the pain she was experiencing in her lower back, shoulder, and arm. Her USPS employer assisted her in submitting a claim under the Federal Employee Compensation Act (FECA) workers' compensation benefits.

All workers' compensation benefits payable to federal employees for injuries sustained during the performance of their duties are determined by and paid through

a division of the Department of Labor (DOL) called the Office of Workers' Compensation Programs (OWCP).  The entitling legislation is FECA.

The FECA program is financed by the Employees' Compensation Fund, which consists of monies appropriated by Congress or contributed to by certain agencies from operating revenues.  The USPS, however, must fund its own budget so it has a police force to help control the amount of workers' compensation benefits provided to employees.  This police force is called the USPS Office of Inspector General or USPS OIG, and this police force may perform selected audit activities in coordination with the independent OIG.

The Indictment charges Ms. Durand with four counts, to include Count I, false statement and fraud to obtain federal employee's compensation; Count II, wire fraud; Count III, false claims act/fraudulent claims relating to workers' compensation benefits; and Count IV, theft of government property.  (Doc. 2).  The charges center on Ms. Durand (1) having obtained work-related injuries; (2) having submitted a claim to OWCP for her injuries; (3) having been advised of her work restrictions and disability status; and (4) having received (and still does receive) benefits from OWCP.  (*See* Doc. 2).  None of these facts are disputed.

## III.  ARGUMENT

The doctrine of entrapment by estoppel is based upon fundamental notions of

fairness embodied in the due process clause of the United States Constitution.   It prohibits the government from convicting a person for exercising a privilege that the government clearly told her was available.   *See United States v. Pennsylvania Indus. Chemical Corp.*, 411 U.S. 655, 674 (1973) (source was Corps of Army Engineers whose rulings, interpretations and opinions guided what conduct was permissible); *Cox v. Louisiana*, 379 U.S. 559, 571 (1965) (law enforcement officers told defendant he could demonstrate across the street from the courthouse); *Raley v. Ohio*, 360 U.S. 423, 426-427 (1959) (commission members told defendants the privilege against self-incrimination was available to them); *United States v. Tallmadge*, 829 F.2d 767, 773-774 (9th Cir. 1987) (federally licensed firearms dealer told the defendant he could purchase firearms despite his prior convictions of felonious possession of a machine gun after the charge was reduced to a misdemeanor); and *United States v. Smith*, 940 F.2d 710 (1st Cir. 1991).

Entrapment by estoppel has been explained as the unintentional entrapment by an official who mistakenly misleads a person into a violation of law.   *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004).   The due process clause "prohibits convictions based on misleading actions by government officials."   *Id.*   To invoke entrapment by estoppel, a defendant must demonstrate "affirmative misleading" on the part of a government official.   *United States v. Brebner*, 951 F.2d 1017, 1026 (9th

4

Cir. 1991).

To determine the availability of the entrapment by estoppel defense for defendant, a district court must conclude that a defendant (1) was given advice by an authorized federal government official empowered to render the claimed erroneous advice; (2) who was made aware of all the relevant historical facts; (3) who affirmatively told the defendant the proscribed conduct was permissible; and (4) the defendant relied on the false information; and (5) the defendant's reliance was reasonable. *Brebner*, 951 F.2d at 1024; *Tallmadge*, 829 F.2d at 774; *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000). At a minimum, "all the relevant historical facts" means that a "defendant must inform an authorized governmental official of all the facts necessary to determine whether that person has violated the law." *United States v. Chavez-Estrada*, 2014 WL 4722196 at *3 (D. Or. 2014).

The defendant must establish "that the government affirmatively told him the proscribed conduct was permissible, and that he reasonably relied on the government's statement." *Ramirez-Valencia*, 202 F.3d at 1109. "A defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *Batterjee*, 361 F.3d at 1216-1217.

The entrapment by estoppel defense differs from a typical entrapment defense in that one of the elements of an entrapment defense is the absence of predisposition on the part of the defendant, whereas a defendant's predisposition to commit an offense is not at issue in an entrapment by estoppel defense. *Batterjee*, 361 F.3d at 1216-1217. Entrapment by estoppel focuses on the actions of the government officials and not on the defendant's predisposition. *Id.*

Here, the undisputed operative facts show that (1) upon the advice of USPS, Ms. Durand submitted a claim to OWCP for her postal service work-related injuries; (2) Ms. Durand advised USPS of her work-related injuries and her problems thereafter while following through with the process to obtain benefits from OWCP; (3) Ms. Durand returned to work and performed duties pursuant to the doctor's orders, depending on what limitations she experienced; (4) Ms. Durand relied on the determination by doctors and OWCP that she was permanently disabled and obtained benefits accordingly; and (5) Ms. Durand's reliance on her disability status and the workers' compensation benefits she received was reasonable in that she followed-through with doctor's orders, received benefits, and continues to receive benefits from OWCP.

Accordingly, this Court can find no facts in dispute, thereby ruling as a matter of law on Ms. Durand's entrapment by estoppel defense and dismissing her

Indictment pretrial.  In the alternative, if this Court finds the facts are in dispute, the estoppel issue should await bench trial with a properly instructed Bench resolving any contested factual issues.

## IV.  CONCLUSION

WHEREFORE Ms. Durand's motion to dismiss should be granted or the issue should be reserved for trial as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 21st day of July, 2017.


/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Assistant Federal Defender
    Counsel for Defendant

## V.  CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended).  The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 1,222 excluding tables and certificates).

DATED July 21, 2017.


/s/ Evangelo Arvanetes
EVANGELO ARVANTES
Federal Defenders of Montana
Counsel for Defendant

**CERTIFICATE OF SERVICE**
**L.R. 5.2(b)**

I hereby certify that on July 21, 2017, a copy of the foregoing document was

served on the following persons by the following means:

| | |
|---|---|
| 1,2 | CM-ECF |
| | Hand Delivery |
| 3 | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    RYAN G. WELDON
       United States Attorney's Office
       Assistant United States Attorney
              Counsel for the United States of America

3.    DEBORAH JOY DURAND
              Defendant


                                              /s/ Evangelo Arvanetes