IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DEBORAH JOY DURAND,

Defendant.

CR 16-43-BMM-JTJ

**FINDINGS AND
RECOMMENDATION OF
UNITED STATES MAGISTRATE
JUDGE**

## I.    Background

The United States charged defendant, Deborah Joy Durand, with Fraud to

Obtain Federal Employee's Compensation, Wire Fraud, Fraudulent Claims

Relating to Worker's Compensation benefits, and Theft of Government Property.

(Doc. 1.) Ms. Durand filed a Motion to Dismiss under the doctrine of entrapment

by estoppel (Doc. 59) and a Motion in Limine seeking to excluded a videotaped

interview of Ms. Durand, a video of her on a kayaking trip, and an edited video

that shows Ms. Durand on the kayaking trip alongside her answers to the interview

questions. (Doc. 61.) Ms. Durand argues the videos are irrelevant, are

impermissible character evidence, and that the probative value of the video is

substantially outweighed by the prejudice the video will cause. (Doc. 62.) The

1

Court conducted a hearing on the motions on August 9, 2017. (Doc. 71.) The
motions are ripe for decision.

## II.    Standards

### 1.    Entrapment by estoppel

Entrapment by estoppel occurs when a government official tells the
defendant certain conduct is legal and the defendant believes the official. *United
States v. Brebner*, 951 F.2d 1017, 1025 (9th Cir. 1991). In order to show
entrapment by estoppel, a defendant must show (1) an authorized federal official
gave the defendant advice, (2) the federal official was aware of all relevant
historical facts when advising the defendant, (3) the federal official told the
defendant the conduct was permissible, and (4) the defendant relied on the federal
official's advice. *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1107 (E.D.
Cal. 2008). The defendant's reliance on the federal official's advice must also be
reasonable, meaning "a person sincerely desirous of obeying the law would have
accepted the information as true, and would not have been put on notice to make
further inquiries." *Brebner*, 951 F.2d at 1025.

### 2.    Admissibility of evidence

Rule 402 of the Federal Rules of Evidence states that relevant evidence is
admissible, unless "limited by the constitution, statutes, or other rules of

2

evidence." Relevant evidence is any evidence that has "any tendency to make a

fact more or less probable than it would be without the evidence." Fed. R. Evid.

401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

In some instances a court must exclude relevant evidence. A court must

exclude relevant and otherwise admissible evidence "if its probative value is

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time," or needless cumulative evidence.

Fed. R. Evid. Rule 403. A court must also exclude evidence of a crime, wrong, or

other act if the proponent of the evidence seeks to use it to prove a person's

character to "show that on a particular occasion a person acted in accordance with

the character." Fed. R. Evid. 404(b)(1).

### V. Facts

Ms. Durand worked for the United States Postal Service (USPS) as a rural

letter carrier. (Doc. 60 at 2.) She submitted an application for worker's

compensation benefits under the Federal Employee Compensation Act after she

allegedly began to experience pain in her lower back, shoulder, and arm that

prevented her from working. (*Id.*)

The USPS has a police force called the USPS Office of Inspector General

(USPS OIG) that it uses to investigate worker's compensation claims filed by its

employees. (*Id.*) In February 2006, The USPS OIG investigated Ms. Durand and determined that Ms. Durand's daily activities were inconsistent with her alleged medical limitations. (Doc. 68 at 3.) Ms. Durand returned to work for the USPS, and the USPS terminated her worker's compensation benefits and provided her with a position within her medical limitations. (*Id.*) In July 2007, Ms. Durand claimed that she re-injured herself and again sought and received worker's compensation benefits. (*Id.*) The USPS OIG again investigated her and again determined that her daily activities were inconsistent with her alleged medical limitations and canceled her benefits. (*Id.*) Ms. Durand received further medical opinions to support her claim and submitted the opinions to the Office of Worker's Compensation in April 2008. (*Id.*) The USPS reinstated her benefits.

In December 2014, federal agents conducted an undercover operation to investigate Ms. Durand. (*Id.* at 5.) The agents sent Ms. Durand a survey in which she indicated that she enjoys kayaking and camping. (*Id.*) In April 2015, the agents posed as members of a marketing company and told Ms. Durand that she won a free kayaking trip. (*Id.*) Ms. Durand agreed to go on the trip. (*Id.*) The agents then sent her an itinerary and acknowledgment form that outlined the risk of kayaking in the ocean. (*Id.*) While on the trip, the agents videotaped Ms. Durand kayaking for four to seven hours a day, using both arms to carry equipment, setting up and

taking down her campsite, and paddling. The agents also recorded an interview with Ms. Durand in which she describes her physical limitations. (*Id.*) This trip and the agents' videotapes are the subject of the motions before the Court.

## VI. Analysis

### A.     Entrapment by estoppel

Ms. Durand argues that the Court should grant her motion to dismiss under the theory of entrapment by estoppel because she reasonably relied on the advice of a government official when completing her application for worker's compensation benefits. The Court disagrees.

As noted above, the defense of entrapment by estoppel applies only when a government official advises a defendant that certain conduct is legal and the defendant relies on that advice. Here, Ms. Durand does not allege that a government official told her to provide false information on her application for worker's compensation benefits. In fact, the documents she completed warned her that providing false information was a crime. (Doc. 68 at 13.) Thus, the Court finds that the defense of entrapment by estoppel does not apply in this case and recommends that the district court deny Ms. Durand's motion to dismiss.

5

**B.    Admissibility of the videos**

Ms. Durand argues that the videos the USPS OIG created of her on the kayaking trip and of the interview are inadmissable because they are (1) irrelevant, (2) impermissible character evidence, and (3) the prejudice it will cause substantially outweighs its probative value. (Doc. 4–12.) The Court disagrees.

**1. Relevance**

As noted above, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the United States charged Ms. Durand with four crimes concerning her allegedly false statements regarding her ability to work between February 2006 and May 2016. (Doc. 68 at 13.) The video of her on the kayaking trip shows her performing physical activity that is arguably inconsistent with her alleged physical symptoms, and the videotaped follow-up interview shows Ms. Durand making statements concerning her physical abilities that are arguably inconsistent with her activities on the kayaking trip. Thus, the Court finds that the two videos have a tendency to make a fact at issue in this case more probable than it would be without the videotapes, and therefore finds that the videos are relevant evidence.

### 2.    Impermissible character evidence

Ms. Durand argues that the videotape of her on the kayaking trip and the videotaped follow-up interview are impermissible character evidence because the United States is attempting to use them as evidence of her character to show that she committed the alleged crimes. (Doc. 62 at 5.) The Court disagrees.

As noted above, the Federal Rules of Evidence prohibit the use of evidence of prior acts to show a person's character to prove that the person acted in accordance with her character in another instance. Fed. R. Evid. 404. Yet, in this case, the videos that Ms. Durand seeks to exclude pertain to the charged crimes and not to a previous act unrelated to the allegations against her. The Court therefore finds that the video are not impermissible character evidence in this trial.

### 3.    Rule 403 balancing test

Finally, Ms. Durand argues that the Court should exclude the videotapes from being used at trial because the prejudice they may cause substantially outweighs their probative value. (Doc. 62 at 6.) In particular, Ms. Durand argues that the edited video, which shows Ms. Durand on the kayaking trip on one side of the screen and Ms. Durand answering questions concerning her physical limitations on the other, cannot be interpreted without a medical expert. (*Id.* at 9.) Ms. Durand also argues that individual videos violate federal law and USPS OIG

7

policies. (*Id.*) The United States argues that because the videos concern the time frame during which Ms. Durand committed the alleged fraud, they are highly probative and that the USPS OIG did not violate federal law or its policies in recording Ms. Durand. Finally, the United States argues that Ms. Durand is not prohibited from presenting medical evidence that supports her claims that she is unable to work. (Doc. 68 at 15–16.) The Court agree with the United States.

As previously discussed, Rule 403 of the Federal Rules of Evidence requires the Court to weigh the probative value of any piece of evidence against the prejudice the evidence may cause to determine whether the Court should admit the evidence at trial. Here, the individual videos show both Ms. Durand's statements concerning her physical limitations and her physical abilities during the time frame the alleged fraud occurred. Thus, the Court finds that they are highly probative. Ms. Durand has the opportunity to cure any prejudice caused by the lack of a medical opinion in the videos by calling her own medical expert to testify at trial. As to Ms. Durand's argument that the USPS OIG's questioning and recording of her violated federal law and its own polices, the Court finds that those are not factors before the Court in a Rule 403 analysis. Finally, the Court finds that Ms. Durand may alleviate any prejudice caused by the United States presenting edited videos by presenting complete copies of the videos as part of her

case. The Court therefore finds that under the Rule 403 balancing test, the videos individually and as edited together are highly probative and that any prejudice the video may cause does not substantially outweigh their probative value.

For the reasons stated above the Court issues the following findings and recommendations:

The Court finds:

1.  The defense of entrapment by estoppel is not available in this case;

2.  The videos of Ms. Durand on the kayaking trip and of the interview the USPS OIG conducted of her are relevant;

3.  The videos are not impermissible character evidence; and

4.  Any prejudice the videos may cause is not substantially outweighed by the videos' probative value.

The Court recommends:

The district court deny Ms. Durand's motions.

Dated the 10th day of August 2017.

John Johnston
United States Magistrate Judge