IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-43-GF-BMM |
| Plaintiff/Respondent, | CV 20-12-GF-BMM |
| vs. | |
| | ORDER DENYING § 2255 MOTION |
| DEBORAH JOY DURAND, | AND DENYING CERTIFICATE OF |
| Defendant/Movant. | APPEALABILITY |

This case comes before the Court on Defendant/Movant Deborah Joy

Durand's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C.

§ 2255.  Durand is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine

whether "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

Governing Section 2255 Proceedings for the United States District Courts.  A

petitioner "who is able to state facts showing a real possibility of constitutional

error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring)

(referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On May 23, 2016, a grand jury indicted Durand on one count of making a false statement to obtain federal employment compensation, a violation of 18 U.S.C. § 1920 (Count 1); one count of wire fraud, a violation of 18 U.S.C. § 1343 (Count 2); one count of making a false claim related to workers' compensation benefits, a violation of 18 U.S.C. § 237 (Count 3); and one count of theft of government property, a violation of 18 U.S.C. § 641 (Count 4). *See* Redacted Indictment (Doc. 2). Assistant Federal Defender Evangelo Arvanetes represented Durand. *See* Order (Doc. 7).

Bench trial commenced on August 21, 2017. *See* Minutes (Doc. 82). The Court found Durand guilty on all four counts. *See* Minutes (Doc. 88); Verdict Tr. (Doc. 120) at 16:23–17:11.

Durand appealed the verdicts, but the appellate court affirmed her convictions. *See* Mem. (Doc. 122) at 1–3, *United States v. Durand*, No. 17-30244 (9th Cir. Nov. 26, 2018) (unpublished mem. disp.).

At the time she filed her motion under 28 U.S.C. § 2255, Durand had

2

completed her 15-month prison sentence and was serving a two-year term of supervised release.  *See* Judgment (Doc. 108) at 2–3; Transfer of Jurisdiction (Doc. 124) at 1.

### III.  Claims and Analysis

Durand asserts that the United States suppressed or destroyed evidence that was material to her defenses of entrapment or outrageous governmental conduct. *See* Mot. § 2255 (Doc. 125) at 3 ¶ 5A; Br. in Supp. (Doc. 129) at 15–29.  She also asserts that counsel provided ineffective assistance both in the trial phase and on appeal.  *See* Mot. § 2255 at 4 ¶¶ 5B, C; Br. in Supp. at 30–48.

### A.  Failure to Disclose Evidence

Durand alleges the United States violated her right to due process by withholding "[r]ecordings or transcripts of the phone calls between myself and the undercover agent that induced me to go on that kayak trip."  Br. in Supp. (Doc. 129) at 26.  Some of the trial evidence against Durand consisted of her own actions and statements during and after the kayak trip.  The trip was real, run by a real outfitter, but Durand went because government investigators, posing as market researchers, paid her way and solicited her help in evaluating the outfitter's success in accommodating her physical limitations.

Durand avers that she relied on the agents' representations "that the trip itself was designed to be conducive and accessible to people with physical

3

disabilities and limitations" and "was affirmatively told that the conduct I would be subject to on this trip would be permissible under the restrictions placed on my activity by my doctors." Br. in Supp. at 20–21. To evaluate this claim, the Court will assume Durand repeatedly expressed reluctance to go because she was afraid she would not be able to handle the physical demands of the trip and that she only went because the undercover agents assured and reassured her she would be able to manage and make a valuable report to guide others with similar limitations.

The prosecution must disclose to the defense any evidence in its possession that is material to guilt or punishment. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is material if it is reasonably likely, in combination with all the other evidence, to "put the whole case in such a different light as to undermine confidence in the verdict." *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 434–38 (1995) (discussing materiality under *United States v. Bagley*, 473 U.S. 667 (1985)).

The United States charged Durand with making false representations to her employers in the postal service and other federal officials about her physical ability to work. Everyone agreed Durand had some physical limitations, but she was accused of embellishing them so that she would not have to work at all.

Entrapment by estoppel applies "when an authorized government official tells the defendant that certain conduct is legal and the defendant believes the official," but the conduct is actually illegal. *See United States v. Brebner*, 951 F.2d

4

1017, 1024 (9th Cir. 1991).  And "it is outrageous for government agents to engineer and direct a criminal enterprise from start to finish, or for the government to use excessive physical or mental coercion to convince an individual to commit a crime," or "to generate new crimes merely for the sake of pressing criminal charges."  *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (internal quotation marks, citations, brackets, and ellipsis omitted) (emphases added).

In Durand's case, "the crime [was] not the kayak trip."  3 Trial Tr. (Doc. 119) at 17:8–9, *quoted in* Br. in Supp. at 37.  None of the four charges against Durand arose from the fact that she went on the trip.  She did not do anything illegal by choosing to go or helping to carry a kayak or paddling or running to catch the ferry.  Because the kayak trip was not a crime, whatever the agents said to induce her to go was immaterial to an entrapment defense.  They induced her to engage in kayaking, not crime.  Their blandishments led to compelling evidence, not new offenses.

Durand contends that the agents' conduct was outrageous because the kayak trip forced her "to either exceed [her physical] limitations or face drowning."  Br. in Supp. at 38.  But they did not force her into this dilemma at all if she was falsely embellishing her physical limitations in the first place.  The agents, convinced she was embellishing, nonetheless monitored her throughout the trip.  After hearing and weighing all the evidence, *see, e.g.*, Verdict Tr. (Doc. 120) at 10:2–12:22,

15:17–24, 16:11–19, including that gained from the kayaking trip and Durand's own trial testimony, *see, e.g.*, 3 Trial Tr. at 146:10–149:17, 183:14–186:10, 188:21–189:25, the Court found, beyond reasonable doubt, that Durand knew (long before the kayak trip) that she did not suffer from the serious physical limitations she claimed.

Durand's allegations fail to support an inference that the agents' conduct in persuading her to go on the kayaking trip could "put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. Her *Brady* claim, Mot. § 2255 (Doc. 125) at 3 ¶5A; Br. in Supp. (Doc. 129) at 15–29, 48–49, is denied.

## B. Ineffective Assistance of Counsel

The standards of *Strickland v. Washington*, 466 U.S. 668 (1984), govern Durand's claims of ineffective assistance of counsel at trial and on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). At this stage of the proceedings, Durand must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687–88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. "[T]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."

6

*Id*. at 697.

Prejudice under *Strickland* is the same as materiality under *Brady*.  *See, e.g.*, *Kyles*, 514 U.S. at 434.  Many of Durand's claims of ineffective assistance of counsel depend on her *Brady* claim.  *See* Br. in Supp. at 32–43, 46–48.  Because the *Brady* claim is denied on the grounds that the evidence withheld was not material, these claims are denied for lack of prejudice.

Durand also claims that counsel "was totally unequipped to defend a case like mine."  Br. in Supp. at 44.  She asks the Court to apply the standard of *United States v. Cronic*, 466 U.S. 648 (1984), *see* Br. in Supp. at 30–31, but *Cronic* applies only when counsel is unable to perform any trial task competently. Durand's case does not come close.  *Strickland* is the appropriate test.  "[I]f and when counsel's ineffectiveness 'pervades' a trial, it does so (to the extent we can detect it) only through identifiable mistakes."  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).

Durand believes counsel's retention of another attorney with expertise in federal worker's compensation law signaled trial counsel's incompetence.  *See* Br. in Supp. at 43–45.  On the contrary, retaining a witness with expertise in a specific field signals trial counsel's competence.  It is how trial counsel presents a defense-friendly take on the facts to the factfinder.  As the witness himself pointed out, "very few people practice Federal Workers' Compensation," 3 Trial Tr. (Doc. 119)

at 215:10–14, and it operates very differently than the States' compensation systems familiar to most lawyers, *see id*. at 215:15–219:4, including the factfinder in Durand's case.  The witness did not persuade the Court that Durand's false statements were true, but that does not mean his testimony was "disastrous."  Br. in Supp. at 30.

Aside from her dissatisfaction with the attorney expert, Durand identifies one supposed mistake by trial counsel:  "the advice to waive a jury trial and opt for a bench trial."  Br. in Supp. at 44.  But "considering the outcome of my trial," *id*., is not a reliable guide to whether counsel's advice was reasonable.  Durand suggests no reason to believe a jury would have been more likely to acquit her.  This allegation meets neither prong of the *Strickland* test and is denied.

Finally, aside from the *Brady* issue, Durand identifies one supposed mistake by appellate counsel:  he did not petition for a writ of *certiorari*.  *See* Mot. § 2255 (Doc. 125) at 4 ¶ 5C.  She suggests "there were conflicting Circuit opinions on the specific facts that were decided by the 9th Circuit in my appeal," *id*., but she does not identify those opinions.  At any rate, the Sixth Amendment right to effective counsel extends through direct review as of right, but not to the discretionary review initiated by petitioning the United States Supreme Court.  *See, e.g.*, *Austin v. United States*, 513 U.S. 5, 8 (1994) (per curiam); *Ross v. Moffitt*, 417 U.S. 600, 616–17 (1974).  This claim is denied.

8

All claims of ineffective assistance of counsel, *see* Mot. § 2255 (Doc. 125) at 4 ¶¶ 5B, C; Br. in Supp. (Doc. 129) at 30–49, are denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Durand's claims meets the relatively low threshold required for a COA. The agents' conduct in luring her into the kayaking trip was neither entrapment nor outrageous. It was a ruse designed to gather evidence, and it did. Durand is correct that counsel's defense was unsuccessful, but she does not identify any foothold in the law or the evidence for a successful one. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Durand's motion to vacate, set aside, or correct the sentence under 28

9

U.S.C. § 2255 (Docs. 125, 129) is DENIED.

2.  A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Durand files a Notice of Appeal.

3.  The Clerk of Court shall ensure that all pending motions in this case and in CV 20-12-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Durand.

DATED this 27th day of May, 2020.

_____
Brian Morris, Chief District Judge
United States District Court

10